**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Fred Runyon

    v.                                                    Civil No. 12-cv-382-SM

Manchester Police Department


**O R D E R**

Before the court are pro se plaintiff Fred Runyon's motion for the appointment of counsel (doc. no. 6) and motion to disqualify a judge from presiding in Runyon's state criminal case (doc. no. 19).

**Motion to Appoint Counsel**

Runyon is a pretrial detainee, proceeding in forma pauperis.  Runyon seeks the appointment of counsel because he is indigent and has had limited education.

There is no federal constitutional right to counsel in a civil case.  The court generally has discretion to deny an appointment, unless the indigent litigant shows that his case presents exceptional circumstances, such that fundamental unfairness, impinging upon the right to due process, is likely to result if counsel is not appointed.  See DesRosiers v. Moran,

949 F.2d 15, 23 (1st Cir. 1991).  Here, Runyon has demonstrated
that he can draft cogent arguments and claims.  Runyon's
pretrial detention and lack of a complete education do not, at
this time, threaten to result in fundamental unfairness.
Accordingly, the motion to appoint counsel (doc. no. 6) is
denied without prejudice to refiling if exceptional
circumstances should arise warranting an appointment.

### Motion to Disqualify (doc. no. 19)

Runyon has filed a motion to disqualify New Hampshire
Superior Court Judge Abramson from presiding in a criminal case
that was pending against him in the state superior court.
Runyon relies on a federal procedural rule and a federal statute
for authority, but the cited authorities concern federal judges,
not state judges.  Federal courts generally lack jurisdiction to
order relief interfering with ongoing state criminal
proceedings.  See Coors Brewing Co. v. Méndez-Torres, 678 F.3d
15, 23 (1st Cir. 2012).  The motion to disqualify Judge Abramson
(doc. no. 19) is therefore denied.

### Conclusion

For the foregoing reasons, the court denies the motion to
appoint counsel (doc. no. 6) without prejudice to refiling if

exceptional circumstances arise that warrant an appointment of counsel.  The motion to disqualify (doc. no. 19) is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


February 4, 2013

cc:   Fred Runyon, pro se

LBM:nmd