**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Fred Runyon</u>

    v.                                             Civil No. 12-cv-282-SM

<u>Manchester Police Department</u>


**<u>O R D E R</u>**

Before the court is the initial complaint (doc. no. 1) and addenda to the complaint (doc. nos. 8-18), hereinafter construed to be the complaint in this action for all purposes, filed by Fred Runyon, asserting violations of his federal constitutional rights by the defendants.[1]  Because Runyon is incarcerated and proceeding pro se,[2] the matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A, and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1]Runyon names the following defendants in the addenda to his complaint: the Manchester Police Department, and its Chief, David Mara; Manchester Mayor Ted Gatsas; Hillsborough County Sheriff James Hardy; the Hillsborough County Attorney's Office; and the Office of the New Hampshire Public Defender.  <u>See</u> Doc. Nos. 8-18.

[2]Runyon has asserted that this is a class action, but, as a pro se party, he cannot file a class action.  <u>See</u> 28 U.S.C. § 1654; United States District Court District of New Hampshire Local Rule 83.2(d).

Background

Runyon claims that Manchester Police Department ("MPD") officers arrested him on an unspecified date in 2011, shocked him with a stun gun multiple times, and hit and kicked him in the ribs, chest, and head.  Runyon states that he cannot recall the date of the incident, which he characterizes as "police brutality," because he was shocked with a stun gun so many times.

Runyon further asserts that there was "no charge whatsoever" pending against him, and that the officers "trumped up a charge" for "no reason."  Runyon further asserts that the officers failed to read him his Miranda rights, and that after he was formally charged, MPD officers caused him to be convicted on the false charge.  Runyon also alleges that the New Hampshire Public Defender's Office failed to prevent the state from obtaining an "illegal[] conviction," which resulted in Runyon's "false imprisonment."

Runyon further asserts that the MPD "disposed of [his] driver's license illegally" after his arrest, and allowed a "prostitute" to drive his new car and use his social security number and credit cards to purchase items in Runyon's name, without his authorization, thus harming his credit.

Upon initially reviewing the complaint (doc. nos. 1 and 8-18), and liberally construing it in light of Runyon's pro se status, the court finds that Runyon has asserted the following claims:

1. Unnamed MPD officers arresting Runyon in 2011 violated Runyon's rights under the Fourth Amendment, by using unreasonable force, in that they shocked him with stun guns repeatedly, and kicked and struck him multiple times.

2. Unnamed MPD officers arresting Runyon in 2011 violated Runyon's rights under the Fourteenth Amendment's Equal Protection Clause.

3. Defendants violated Runyon's rights under the Fifth and Sixth Amendments.

4. Defendants violated Runyon's rights by causing him to be subjected to a false arrest, malicious prosecution, and false imprisonment.

5. The MPD is liable under state law for torts relating to a third party's use of Runyon's car, credit cards, and social security card, which caused items to be purchased in Runyon's name without his authorization, and which damaged Runyon's credit rating.

6. The defendant supervisors and municipalities are liable to Runyon for the unconstitutional acts of their subordinates and employees.

## Discussion

Pursuant to LR 4.3(d)(2)(B), this court has discretion to grant an inmate leave to file an amended complaint. Such leave should be granted liberally, as justice requires. See Fed. R. Civ. P. 15(a)(2).

The court finds, at this time, that the allegations of excessive force during arrest in Claim 1, as numbered above, must be amended before this case may proceed. The complaint lacks details regarding the circumstances relating to the alleged assault, and there are no officers named as responsible parties. Before the court can direct service of this claim, Runyon must amend the complaint to cure those deficiencies. Accordingly, this court grants Runyon fourteen days in which to file an amended complaint, stating additional facts supporting his claim that the presently unnamed MPD officers in 2011 repeatedly shocked, kicked, and struck him, incident to an arrest, and to name individual defendants to this claim, describing what each defendant did or failed to do to violate Runyon's rights.

## Conclusion

The court grants Runyon leave to file an amended complaint, within fourteen days of the date of this order, specifying, with respect to an incident of "police brutality" on the date of Runyon's arrest by Manchester police officers in 2011:

1. The names of the officers responsible;
2. The conduct of each officer on that date; and

3. All of the facts and circumstances that Runyon believes show that each officer's use of force against him on those dates was excessive.

After receipt of an amended complaint, or the expiration of fourteen days if Runyon fails to file an amended complaint, the court will complete preliminary review of all of the claims asserted in this action, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(2).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 4, 2013

cc: Fred Runyon, pro se

LBM:nmd