**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Fred Runyon</u>

    v.                                                      Civil No. 12-cv-382-SM

<u>Manchester Police Department</u>

**O R D E R**

Before the court are seven motions (doc. nos. 23-29) filed by plaintiff, Fred Runyon, in response to this court's February 25, 2013, order (doc. no. 22). The court construes each of the seven motions to be an addendum to the complaint. The clerk shall redocket the motions (doc. nos. 23-29) as complaint addenda.

For reasons stated in the report and recommendation issued this date, the court concludes that Runyon has stated plausible claims that unnamed MPD officers are individually liable to Runyon, under 42 U.S.C. § 1983, for violating his Fourth Amendment rights by using excessive force against him when they kicked, struck, and/or stunned him with their stun guns while arresting him without a warrant or probable cause in 2011. Runyon has also stated a plausible claim that each of the unnamed officers is individually liable to him for the intentional torts of assault and battery under state law, and

that their employer, the MPD, is vicariously liable for their tortious conduct.

The court directs service of the Fourth Amendment false arrest and excessive force claims under 42 U.S.C. § 1983, and the intentional tort assault and battery claim under state law, against a "John Doe" MPD officer. The court further directs service of the state law assault and battery claims against the unnamed officer's employer, the MPD, an agency of the City of Manchester.

The clerk's office is directed to complete and issue summonses for the following defendants: Manchester Police Department and Manchester Police Officer John Doe, using the MPD's address for service, 405 Valley Street, Manchester, NH 03103. The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint and the addenda thereto (doc. nos. 1, 8-18, and 23-29); the report and recommendation issued this date; and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve defendants, pursuant to Fed. R. Civ. P. 4(c)(3), 4(e), and 4(j)(2). See also N.H. Rev. Stat. Ann. § 510:10.

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Runyon is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

Runyon is further instructed that the court may recommend dismissal of Runyon's claims if, within 120 days after the date of this order, Runyon does not move to amend his complaint to name the MPD officer[s] currently identified as "John Doe," and does not show cause for failing to do so.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

March 25, 2013

cc: Fred Runyon, pro se

LBM:nmd