UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Fred Runyon

    v.                                    Civil No. 12-cv-382-SM

Manchester Police Department[1]


## REPORT AND RECOMMENDATION

Before the court is the original complaint, and the complaint addenda (doc. nos. 1, 8-18, and 23-29), filed by plaintiff, Fred Runyon, in response to this court's February 25, 2013, order (doc. no. 22). That order granted Runyon leave to amend his claim that unnamed Manchester Police Department ("MPD") officers used excessive force against him when they kicked and/or used their stun guns against him incident to his arrest in 2011. The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A, and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] Runyon asserts claims against the Manchester Police Department ("MPD"); MPD Chief David Mara; several John Doe MPD officers; Manchester Mayor Ted Gatsas; Hillsborough County Sheriff James Hardy; the Hillsborough County Attorney's Office; and the Office of the New Hampshire Public Defender.

Preliminary Review Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se prisoner complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se prisoner complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the

plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640
F.3d 1, 12 (1st Cir. 2011).


Background

Runyon alleges that, on an unspecified date in 2011,
unnamed MPD officers shocked him with a stun gun multiple times,
and hit and kicked him repeatedly in the ribs, chest, and head,
in the course of arresting him.  Runyon states that he cannot
recall the date of the incident because he was shocked so many
times.  Runyon further asserts that the officers never
identified themselves as police officers, and that Runyon fought
back to defend himself because he did not know that they were
police officers.

Runyon asserts that the officers arrested him for an
unspecified "trumped up" charge for "no reason."  Runyon states
that the officers did not read him his Miranda rights, and that
after he was formally charged, MPD officers caused him to be
convicted of the "trumped up" charge.  Runyon also alleges that
a public defender appointed to represent him failed to prevent
the state from obtaining an "illegal[]" conviction.  Runyon
alleges that state judicial officers and MPD officers
discriminated against him in an unspecified manner.

Runyon further asserts that the MPD "disposed of [his] driver's license illegally" after his arrest, and allowed a "prostitute" to drive his new car and use his social security number and credit cards, without his authorization.  Runyon claims that purchases made on those credit cards damaged his credit rating.

<u>Claims</u>

Runyon has asserted the following claims in this action:

1.   Unnamed MPD officers are individually liable to Runyon under 42 U.S.C. § 1983, for violating Runyon's rights under the Fourth Amendment by using unreasonable force incident to an arrest of Runyon, in that the officers shocked Runyon with stun guns repeatedly, and kicked and struck him multiple times.

2.   The defendant unnamed MPD officers, as well as the state judge and magistrate involved in Runyon's state criminal proceedings, discriminated against Runyon in violation of Runyon's rights under the Equal Protection Clause of the Fourteenth Amendment.

3.   Unnamed MPD officers are individually liable to Runyon under 42 U.S.C. § 1983, for violations of Runyon's Fourth and Fourteenth Amendment rights, in that they caused Runyon to be subjected to false arrest, when they arrested and detained him without a warrant and without probable cause.

4.   Runyon's court-appointed counsel and other defendants are liable to Runyon under 42 U.S.C. § 1983, for allowing him to be maliciously prosecuted and convicted on a false charge, in violation of his Fourteenth Amendment right to due process.

5.   Defendants are liable to Runyon under 42 U.S.C. § 1983 for: (a) failing to read him <u>Miranda</u> warnings; (b) subjecting him to cruel and unusual punishment upon his arrest; and (c) violating his First, Fifth, Sixth, Eighth, and Thirteenth Amendment rights.

6.   The defendant supervisors and municipalities are liable to Runyon under 42 U.S.C. § 1983, for the unconstitutional acts of their subordinates and employees.

7.   The defendant (a) MPD officers are directly liable to Runyon, and (b) their employer -- the MPD, an agency of the City of Manchester -- is vicariously liable to Runyon, for the intentional torts of assault and battery for defendants' conduct during Runyon's 2011 arrest.

8.   The MPD is liable to Runyon under state law for allowing a third party to use Runyon's car, credit cards, and social security number to purchase items in Runyon's name without his authorization, harming Runyon's credit rating.


<u>Discussion</u>

I.   <u>Federal Claims</u>

A.   <u>Unreasonable Force (Claim 1)</u>

To state a Fourth Amendment excessive force claim, Runyon must show that the defendant officers' actions were objectively unreasonable, in light of the facts and circumstances known to them at the time of the arrest.  See <u>Jennings v. Jones</u>, 499 F.3d 2, 11 (1st Cir. 2007) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989)).  Factors relevant to the objective reasonableness of the force used include the "severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Jennings, 499 F.3d at 11.  Here, the facts alleged by Runyon are sufficient to state a claim that more than one unidentified MPD officer, in striking, kicking, and/or stunning Runyon with their stun guns multiple times, used an objectively unreasonable amount of force to arrest Runyon.

Runyon has neither asserted the names of the responsible officers, nor alleged precisely how many of them struck, kicked, and/or stunned him.  Runyon has asserted facts showing his inability to identify those facts at this time.  The court concludes that the discovery process in this case is reasonably likely to yield the name of the officer[s] involved in arresting Runyon.  See Martínez-Rivera v. Sánchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007); Wilson v. Town of Mendon, 294 F.3d 1, 7 (1st Cir. 2002).  Runyon is expected to use the discovery process to obtain the name of any defendant to this claim, and to move promptly to amend the complaint to substitute the correct name. Therefore, in an order issued this date, the court has directed service of the Fourth Amendment excessive force claim against one unnamed MPD officer, identified as "John Doe."

B.   <u>False Arrest (Claim 3)</u>

A Fourth Amendment claim may be based on the seizure of a person without probable cause, and the detention of person without legal process.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 386 (2007) (detention and questioning of defendant without probable cause violates Fourth Amendment); <u>see also</u> <u>Harrington v. City of Nashua</u>, 610 F.3d 24, 29 (1st Cir. 2010) (detention without legal process constitutes false imprisonment).  Here, Runyon has alleged facts sufficient to state a plausible claim that the officers who arrested him in 2011 lacked either an arrest warrant or probable cause for the arrest.  Therefore, in the order issued this date, the court has directed service of a Fourth Amendment false arrest claim against the unnamed John Doe MPD officer who arrested Runyon.  Runyon is expected to use the discovery process to obtain the name of any defendant to this claim, and to move promptly to amend the complaint accordingly.

C.   <u>Malicious Prosecution (Claim 4)</u>

Runyon asserts that the public defender appointed to represent him, the MPD, and others involved in his criminal prosecution, are liable to him because Runyon was convicted on a "trumped up" charge.  The court has construed the complaint as

7

intending to state a claim of malicious prosecution, in violation of Runyon's Fourteenth Amendment rights.

A § 1983 malicious prosecution claim must be dismissed if a judgment on that claim would necessarily imply that the underlying convictions or sentences are invalid, unless those convictions and sentences have previously been voided through official action.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)); see also Meehan v. Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999) (favorable termination of criminal proceedings is necessary element of malicious prosecution claim).  Here, a judgment for Runyon would necessarily imply that Runyon's criminal conviction was invalid, rendering that claim barred by Heck.  Moreover, as to the claim against Runyon's court-appointed counsel, a public defender is not a state actor who may be held liable under § 1983.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)).  Accordingly, Claim 4 should be dismissed.

### D.   Remaining Constitutional Claims (Claims 2 and 5)

Runyon has failed to allege sufficient, non-conclusory allegations to state a plausible claim for any violation of his right to equal protection under the Fourteenth Amendment, or any violation of his First, Fifth, Sixth, Eighth, or Thirteenth

8

Amendment rights.  The Eighth Amendment protects convicted
prisoners from cruel and unusual punishment, and is therefore
irrelevant to Runyon's claims.  See Ruiz-Rosa v. Rullán, 485
F.3d 150, 155 (1st Cir. 2007).  Furthermore, Runyon has not
alleged facts giving rise to any claim relating to the officers'
alleged failure to read him a Miranda warning.  See McConkie v.
Nichols, 446 F.3d 258, 261 (1st Cir. 2006) ("the Supreme Court
has recognized that it would be inappropriate to impose tort
liability every time an officer obtains an involuntary self-
incriminating statement or the police fail to honor Miranda v.
Arizona, 384 U.S. 436 (1966)" (citing Chavez v. Martinez, 538
U.S. 760, 779-80 (2003) (Souter, J., concurring)).  Accordingly,
the court should dismiss Claims 2 and 5, identified above.

     E.    Supervisory and Municipal § 1983 Liability (Claim 6)

     A supervisor's liability must be based on the supervisor's
own acts or omissions constituting "'supervisory encouragement,
condonation or acquiescence[,] or gross negligence of the
supervisor amounting to deliberate indifference.'" Grajales v.
P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (respondeat
superior does not provide basis for finding supervisor liable
under 42 U.S.C. § 1983) (citation omitted).  A similar standard
applies to claims asserting municipal liability pursuant to 42

U.S.C. § 1983.  See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (municipalities may not be held vicariously liable under section 1983); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) ("it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is 'the moving force' behind the constitutional violation that a municipality can be liable" under section 1983 (citation omitted)).  Runyon has failed to plead any facts showing that any supervisor took steps leading to the constitutional violations, or that any municipal policy or custom led to the conduct at issue.  Accordingly, the court should dismiss the § 1983 claims asserted against the employers and supervisors named by Runyon, including the MPD, the MPD Chief of Police, and the Mayor of Manchester.

II.  State Law Claims

   A.   Assault and Battery (Claim 7)

   This court has supplemental jurisdiction over the state law claims that arise out of the same case or controversy as the section 1983 claims.  See 28 U.S.C. § 1367.  The court may decline to exercise jurisdiction over a state law claim that would substantially predominate over the federal claims in the case.  Id. § 1367(c)(2).  The assault and battery tort claims

10

and the unreasonable force Fourth Amendment claims in this case arise out of the same incident, and will likely involve similar proof, warranting the court's exercise of supplemental jurisdiction over Claim 7.

Under state law, a person who intentionally strikes and injures another may be liable in tort, see Silva v. Warden, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003), and that person's employer may be vicariously liable if the act was performed in part to serve the employer, see Daigle v. City of Portsmouth, 129 N.H. 561, 580-81, 534 A.2d 689, 699-700 (1987).  Here, Runyon has stated plausible assault and battery claims as to the unnamed MPD officers who kicked, struck, and/or stunned him with their stun guns in the course of arresting him, and as to their employer, the MPD, under a theory of respondeat superior. Accordingly, in the order issued this date, the court has directed service of this claim against a John Doe MPD officer and the MPD.

    B.   Credit Cards, Car, and Identity (Claim 8)

    This court should decline to exercise supplemental jurisdiction over the state law claims (Claim 8) asserting that the MPD is liable to Runyon for allowing a third party to use Runyon's car, social security number, and credit card.  The

issues involved in the federal claims relating to Runyon's
arrest, and those relating to the alleged unauthorized use of
Runyon's property, identity, and credit, are distinct.  The
proof necessary to show liability and damages as to Claim 8 is
unlikely to overlap with the proof required for the Fourth
Amendment claims.  Depending on how Runyon intends to prove
MPD's responsibility for the third party's conduct -- which is
not clear from the facts alleged in the complaint -- there is a
risk that issues and evidence for Claim 8 could predominate over
the federal claims.  The principles of economy and convenience
are not well-served by trying these disparate claims in one
action, notwithstanding the overlapping identity of the parties.
See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156,
172-73 (1997) ("'[d]istrict courts [should] deal with cases
involving pendent claims in the manner that best serves the
principles of economy, convenience, fairness, and comity which
underlie the pendent jurisdiction doctrine'" (citation
omitted)).  Accordingly, the court should dismiss Claim 8,
without prejudice to Runyon litigating this claim against the
MPD in state court.

Conclusion

For the foregoing reasons, the court should dismiss all
claims in this action, and all defendants named in the complaint
and the addenda thereto (doc. nos. 1, 8-18, and 23-29), except
for the three claims that this court has on this date ordered to
be served:  the Fourth Amendment unreasonable force and false
arrest claims (Claims 1 and 3) asserted against an unnamed MPD
officer, and the state law assault and battery claims (Claim 7)
arising from the same incident, against the same unnamed officer
and the MPD.

Any objections to this report and recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.
Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st
Cir. 2010) (only issues fairly raised by objections to
magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

March 25, 2013

cc:  Fred Runyon, pro se

LBM:nmd