UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Fred Runyon

    v.                              Civil No. 12-cv-382-LM
                                          Opinion No. 2014 DNH 096
Manchester Police
Department, et al.


**O R D E R**

Defendants have filed a motion for summary judgment (doc. no. 71) on all claims remaining in this action.  Plaintiff has not responded.


Background

Plaintiff, Fred Runyon, has alleged that Manchester Police Department ("MPD") officers arrested him without a warrant and without probable cause in 2011, and that they beat him and shocked him with "stun guns."  Plaintiff alleged in his pleadings that the arrest occurred in 2011, but that he could not recall exactly when because he had been shocked so many times.  See Doc. No. 1.  He further alleged that he fought back to defend himself at the time of the arrest, not realizing that his assailants were police officers.  See Doc. No. 29.  In response to interrogatories served upon Runyon by defendants, plaintiff further explained that the beating occurred in 2011

while MPD officers were transporting him from the Manchester
District Court to the Valley Street Jail.  See Doc. No. 71-3, at
6.

   Following the preliminary review of Runyon's claims under
28 U.S.C. § 1915A, this court dismissed a number of claims
asserted by Runyon, and allowed the complaint to be served upon
the MPD and against an unnamed MPD officer, identified as "John
Doe."  In ordering service upon those defendants, this court
noted that the discovery period would give Runyon an opportunity
to identify the relevant officers.  See Mar. 25, 2013, Report
and Recommendation (doc. no. 31), at 6.  The court further
instructed Runyon to move promptly to amend the complaint to
name those officers once he obtained their names.  See id.  The
court's service order specified that dismissal of Runyon's
claims could be recommended if Runyon, within 120 days, did not
move to amend his complaint to name the unnamed defendants, and
did not show cause for failing to do so.  See Mar. 25, 2013,
Order (doc. no. 30), at 3.  Runyon did not move to amend the
complaint to name any defendant officers within the time
allotted in the court's preliminary scheduling order.

   The federal claims remaining in this action are Fourth
Amendment excessive force and false arrest claims, asserted

against MPD Officer John Doe who is alleged to have falsely
arrested, beaten, and shocked Runyon with a stun gun.  Also
remaining in this action are related state law tort claims of
assault and battery, asserted against the same John Doe officer
and the MPD, arising out of the same allegations.  Defendants
have moved for summary judgment on all of the remaining claims,
asserting as bases: (1) the unlikelihood that any MPD officers
arrested or transported Runyon as alleged, as there is no record of
a 2011 MPD arrest or transport of Runyon; (2) the unlikelihood that
MPD officers assaulted Runyon with "stun guns" in 2011, as MPD
officers did not begin to employ Tasers for police work until late
2012; and (3) Runyon's failure to amend the complaint to identify
any of the defendant officers within the requisite time, as he had
been instructed to do.  Runyon has not filed any response to
defendants' motion for summary judgment.[1]

## Discussion

### I.   Failure to Name John Doe Officers

Federal Rule of Civil Procedure 4(m) authorizes the court,
on motion or on its own after notice to the plaintiff, to

---

[1]This court sua sponte extended the deadline for Runyon to
object to the motion for summary judgment, provided Runyon with the
text of local and federal procedural rules applicable to summary
judgment motions, and specifically notified Runyon that he was
required to comply with those rules in responding to the motion.
See Order (doc. no. 72).

dismiss an action without prejudice against any defendant who
has not been served.  This court allowed this action to proceed
against a John Doe officer, after finding that there was a
reasonable likelihood that plaintiff could obtain the missing
names through the discovery process.  On March 25, 2013, upon
ordering service, this court specifically warned plaintiff that
the court would recommend dismissal of the action if Runyon
failed to amend the complaint to name the individual defendants
within 120 days.  See Doc. Nos. 30 and 31.

     More than a year has passed since the court issued
summonses to the MPD and the John Doe officer, and warned
plaintiff of the consequences of failing to amend the complaint
to name individual officers as defendants to this action.  In
July 2013, defendants provided plaintiff with all of the arrest
records in their possession relating to him, for the years 2010
and 2011.  See Doc. No. 46-1.  The time for filing motions to
amend the complaint ended in September 2013, and the discovery
period ended in December 2013.  Because plaintiff has neither
provided this court with the relevant officers' names, nor shown
good cause for failing to do so, this court dismisses without
prejudice all of the federal and state law claims asserted
against the John Doe defendant and any remaining unnamed MPD

officers who may be liable to plaintiff for the matters alleged in this action.  See Fed. R. Civ. P. 4(m); see also Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998).

II.  Claims Against MPD

The only claims remaining in this action are claims asserting that the MPD is vicariously liable, under state law, for its employees' tortious conduct.  This court may decline to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c)(3), where it has dismissed all of the claims over which it had original jurisdiction.  Such dismissal is proper here, given that this order dismisses all of the federal claims that remained in this case.  Cf. Order (Apr. 19, 2013) (doc. no. 37) (approving report and recommendation and dismissing all claims except for Fourth Amendment claims against unnamed MPD officers and related state law claims asserted against MPD and its officers); cf. also Order (May 23, 2013) (no section 1983 official capacity claims remained in case following preliminary review).  Because the court grants the motion for summary judgment (doc. no. 72) for reasons set forth in this order, no opinion is offered as to the other bases defendants have asserted in support of their motion for summary judgment.

**Conclusion**

Defendants' motion for summary judgment (doc. no. 72) is GRANTED, to the extent that all claims in this action remaining after the court completed its preliminary review of the complaint under 28 U.S.C. § 1915A are dismissed without prejudice.  The clerk shall enter judgment consistent with this order and with the April 19, 2013, Order (doc. no. 37), and shall close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 5, 2014

cc:  Fred Runyon, pro se
     Robert J. Meagher, Esq.

LM:nmd